Dear Duncan:
You have requested an opinion as to whether a non-quorum of a committee of the Tangipahoa Parish Council can meet to discuss public business of the Council if no action is taken and no vote is taken.
The answer is affirmative, with an important reservation — the purpose of such a procedure must not be unlawful. It must not be a subterfuge to evade the requirements of the public meeting law. LSA-R.S. 42:4.1 etseq.
For a "meeting" of a committee of a public body to trigger the requirements of the public meeting law, there must be (1) a quorum present (simple majority), (2) to deliberate or (3) act or (4) receive information (5) on a matter (6) over which the public body has supervision, control, jurisdiction or advisory power.
If there is no quorum present for the discussion of public business, the committee meeting is not subject to R.S. 42:5, 7, 7.1.
However, your clients should be cautioned to avoid the use of the sanction of this opinion to engage in the so-called "walking quorum." In this artifice, different committee members leave the meeting and different members enter the meeting so that while an actual quorum is never physically present an actual quorum during the course of the meeting participates in the discussion.
While the Tangipahoa Parish Council is clearly in good faith in this opinion request, please advise them that the abuse of the practice of a "walking quorum" is subject to the injunctive remedy of R.S. 42:11A(2).
It is axiomatic to the law of equity, and recognized by the jurisprudence of Louisiana, that lawful means cannot be used to achieve an unlawful purpose:
 "Irrespective of the terms of a statute . . . courts must determine its purpose as well as its substance and effect . . . . Acts generally lawful may become unlawful when done to accomplish an unlawful end." Western Union Telegraph Co. v. Foster, 247 U.S. 105, 115, 38 S.Ct. 438, 62 L.Ed. 1006 (1917) (Holmes, J.); cited in Poindexter v. Louisiana Financial Assistance Commission, (E.D.La. 1967), affirmed 389 U.S. 571, 88 S.Ct. 693, 19 L.Ed.2d 780 (1968).
Trusting this to be of sufficient information, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: _________________________ CHARLES J. YEAGER Assistant Attorney General
CJY:tm